The plaintiff seeks reimbursement of expenses it allegedly incurred under Part B of the Medicare program. The government has moved to dismiss the petition on the ground the court lacks jurisdiction under United States v. Erika, Inc., 456 U.S. 201 (1982). We grant the government’s motion.
In Erika, the Supreme Court ruled that this court lacks jurisdiction to review Part B amount determinations, which is what the plaintiff here challenges. The plaintiff seeks to avoid this result on the ground that Erika does not bar judicial review of constitutional challenges to awards. It relies on Johnson v. Robison, 415 U.S. 361 (1974), where the Court held that a statute precluding judicial review of *915 Veterans Administration decisions did not apply to constitutional challenges to the decisions. Id. at 366-74.
We have held, however, that insubstantial constitutional claims do not avoid the rule of Erika. Berton Siegel, D.O., Ltd. v. United States, ante at 895; Fonseca v. United States, ante at 853; Sanet v. United States, ante at 775; Fox v. United States, ante at 770. The plaintiffs constitutional claims are insubstantial within the meaning of those decisions.
The plaintiffs petition has eleven counts. Five of them assert nonconstitutional claims. Of the six constitutional claims, one asserts a denial of equal protection because the plaintiff is being treated differently from the way others similarly situated are treated; three complain of a denial of due process because the plaintiff had no hearing; one asserts a denial of due process because the government and the intermediary deliberately have withheld relevant information from the plaintiff; and the final count asserts a violation of the tenth amendment on the theory that, since the plaintiff is a state entity, the award interferes unreasonably with state operations.
In this court’s decision in Erika, we dismissed as "insubstantial” the claim that the plaintiff was denied equal protection because it was treated differently from the way others similarly situated were treated. Erika, Inc. v. United States, 225 Ct. Cl. 252, 267-68, 634 F.2d 580, 591 (1980), reversed on other grounds, 456 U.S. 201, 102 S. Ct. 1650 (1982): accord, O’Keefe v. United States, ante at 804. The plaintiff is simply challenging the amount of its award.
The plaintiffs tenth amendment challenge is also groundless. The plaintiff is a voluntary participant in the Medicare program, Erika, 225 Ct. Cl. at 268, 634 F.2d at 591, and there is no coercive intrusion into the state’s affairs such as was struck down in National League of Cities v. Usery, 426 U.S. 833 (1976).
The plaintiffs claims that it was denied procedural due process do not state a claim within our jurisdiction. Inupiat Community v. United States, 230 Ct. Cl. 647, 662, 680 F.2d 122, 132, cert. denied, 459 U.S. 969 (1982).
The plaintiff argues that the court must decide the merits of constitutional challenges to Part B determinations *916 because the Supreme Court decided such an issue in Schweiker v. McClure, 456 U.S. 188 (1982), decided the same day as Erika. That case had a different procedural posture than either Erika did or this case does. The district court there had not awarded the plaintiffs any damages, but had decided that the hearing procedures for Part B were unconstitutional and had ordered new hearings. McClure v. Harris, 503 F. Supp. 409 (N.D. Cal. 1980). The Supreme Court reversed that determination. This court does not have the declaratory and injunctive powers of a district court and that case does not require us to determine the merits of every constitutional challenge to a Medicare Part B determination of the amount of benefits. It is not difficult for lawyers to frame challenges to the fiscal intermediary’s award of benefits in constitutional terms, and we do not read Erika as sanctioning an exception to the jurisdictional rule that decision announced whenever any constitutional claim, no matter how insubstantial, is made in a Part B Medicare case.
The defendant’s motion to dismiss is granted and the petition is dismissed.